LYONS, Justice
(concurring in part and concurring in the result).
I concur based on the recognition in the main opinion of the statutory mandate for priority of liens over subsequent encumbrances as set forth in § 35-ll-211(a), Ala.Code 1975, and the obligation of equity to follow the law. See Moulton v. Reid, 54 Ala. 820, 324 (1875) (“Equity follows the law, and ‘when a rule, either of common, or statute law, is direct, and governs the ease with all its circumstances, or the particular point, a court of equity is as much bound by it as a court of law, and can as little justify a departure from it.’ — 1 Story’s Eq. § 64.” (cited with approval in Turner v. Cooper, 347 So.2d 1339, 1346-47 (Ala.1977))).
I concur in the result as to the discussion in the main opinion of the Restatement of the Law of Restitution § 59 (1937). I would conclude that it is simply unnecessary to decide in this case whether the principles there announced are sound and susceptible of application, notwithstanding § 35-ll-211(a), because, even if we were to embrace them, illustration no. 30 of the Restatement (Third) of the Law of Property § 7.6, cmt. f (1997), quoted in the main opinion, recognizes this Court’s authority to deny equitable subrogation to a mortgagee so as to prevent unfairness to a holder of a mechanic’s lien. The unfairness in this proceeding stems from the status of a mechanic’s lienholder when subordinated to a construction mortgage with an indebtedness of limited duration being substantially more advantageous to the lienholder than subordination to the typical purchase-money mortgage authorizing repayment over a term of many years.